IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. BREEDEN, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-6832 |
| | : | |
| v. | : | |
| | : | |
| J.A. ECKARD, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : : | |
| | : | |
| Respondents. | : | |

### **MEMORANDUM OPINION**

Smith, J.                                                                                                                         March 22, 2016

The *pro se* petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting a variety of claims attacking the validity of the underlying state-court proceedings. Among those claims included assertions that (1) the petitioner's trial counsel was ineffective for stipulating to certain testimony during the trial and for failing to properly discuss his right to testify with him, and (2) the petitioner's counsel for his state post-conviction collateral proceedings was ineffective for representing to the trial court that if his trial counsel had properly informed him of his right to testify, he would have testified in accordance with a seemingly inculpatory statement that he made to the police. The magistrate judge has issued a report and recommendation that this court deny the petition. The petitioner filed objections to two portions of the report and recommendation: (1) whether his PCRA counsel was ineffective for indicating in an amended PCRA petition that the petitioner would have testified in accordance with his statement to the police, and (2) whether trial counsel was ineffective for

stipulating to the testimony of the sole eyewitness presented during the trial even though this witness was not able to identify the petitioner as one of the perpetrators of the crime.

After reviewing the entirety of the state-court record, the parties' submissions, and the report and recommendation, the court finds that the petitioner's objections are meritless. The court will adopt the report and recommendation and deny the section 2254 habeas petition.

## I. PROCEDURAL HISTORY

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, William L. Breeden, on November 26, 2014.[1] Doc. No. 1. The petitioner is currently serving a life sentence after the Honorable Jeffrey P. Minehart found him guilty of second-degree murder and other offenses after a non-jury trial on May 15, 2008.[2] State Ct. R.

---

[1] Under the "prisoner mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the petition to prison authorities for filing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). Here, the petitioner submitted a verification that he placed the petition in the prison mailing system on "11 14." Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 19, Doc. No. 1. Unfortunately, this information does not provide the court with the precise date the petitioner submitted the petition for filing because it only contains two two-digit numbers and he could be referring to just the month and the year. Nonetheless, the petitioner did sign and date his supporting memorandum (although he identifies it as a petition) on November 26, 2014. *See* Doc. No. 1-1 at 5. While irrelevant for purposes of the court's disposition of the instant petition because it does not appear that the petition's timeliness is in issue, the court has used November 26, 2014, as the filing date.

[2] In the opinion affirming the petitioner's conviction and judgment of sentence, the Superior Court of Pennsylvania described the facts supporting the conviction as follows:

> At approximately 10:18 p.m. on December 12, 2006, Police Officer Edwin Ocasio responded to a radio call of a shooting at 27th and Sedgley Streets in North Philadelphia. When he arrived he observed a black male, lying unresponsive, on the pavement. The officer also observed a small pocket knife and blood on the pavement.
> The black male, later identified as 24 year old, Azeem Jordan, was pronounced dead on December 13, 2006 at 7:50 p.m. Dr. Edwin Lieberman performed the post-mortem and concluded that the causa mortis was a gunshot wound to the face and that the dense stippling indicated a close range shot.
> A .38 caliber, 9 millimeter bullet, removed from the decedent's body, had been fired from a revolver.
> Detective Donald Marano interrogated the defendant on February 10, 2007 and, after waiving his [*Miranda*] rights, defendant voluntarily answered questions posed to him. Defendant admitted he was one of two males who held up the decedent and another male. However, defendant maintained that the other male, Brian "Dutch" Burns, pulled his gun first and shot the

On February 13, 2015, the undersigned referred the instant habeas petition to United States Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. Order, Doc. No. 4. Magistrate Judge Wells submitted a report and recommendation on December 22, 2015. Doc. No. 23. The petitioner filed a belated opposition submission to the respondent's response that the clerk of court docketed on January 6, 2016.[3] Doc. No. 24. The petitioner filed timely objections to the report and recommendation on January 6, 2016.[4] Doc. No. 26. On or about that same date, the petitioner also re-filed another copy of his opposition submission.[5] Doc. No. 27.

---

    decedent while defendant was walking away from the scene having gotten no proceeds from the attempted robbery.
    The testimony of Anthony [De]Shields was admitted by stipulation. On the night of the murder, Mr. [De]Shields and the decedent were walking on Sedgley near 27th Street when they were held up by two black males who ordered them to lie down in the street. One male was dressed in black and the other in white. The man in white was the shooter and he was identified as Brian Burns. Mr. DeShields' stipulated testimony was that both males had guns and that the man in black was the first to pull the gun and order DeShields and the decedent to "get down".
    The defense offered fifteen (15) witnesses whose stipulated testimony was that defendant's reputation as a peaceful, law-abiding citizen was good.

*Commonwealth v. Breeden*, No. 1592 EDA 2008 at 1-2 (Pa. Super. June 25, 2010) (citing July 9, 2009 trial court opinion at 1-2) (internal references to notes of testimony omitted).

[3] The petitioner signed and dated the opposition submission for December 30, 2015. *See* Doc. No. 24 at ECF p. 6. The envelope containing this document has a postmarked date of January 4, 2016. Unfortunately, there is no way to tell when the petitioner presented the document to prison officials for mailing to the clerk of court.

[4] According to the display receipt attendant to the report and recommendation, the clerk of court sent a copy of the report and recommendation to the petitioner via first-class mail on December 23, 2015. *See* Doc. No. 22. Even though the 14-day period for the petitioner to file objections to the report and recommendation ended on January 5, 2016, the petitioner had an additional three days, *i.e.* until January 8, 2016, to file the objections as provided by Rule 6(d) of the Federal Rules of Civil Procedure because the Clerk of Court served the report and recommendation upon him by mail. *See, e.g.*, *Neiman v. Astrue*, No. 09-cv-4472, 2011 WL 816779, at *2 (E.D. Pa. Mar. 8, 2011) (concluding that habeas petitioner was "entitled to an additional three days under Federal Rule of Civil Procedure 6(d) because the R & R was served on him by mail").

    Unfortunately, the petitioner did not submit a verification as to when he supplied his objections to prison officials for mailing and the envelope containing the objections does not contain a postmark showing the date. Doc. No. 7 at 7. The only date contained on the objections is January 6, 2016, which is next to the petitioner's signature. *Id.* at 6. The court has given the petitioner the benefit of the doubt that he filed the objections near the time of his signature; as such, the court has considered the petitioner to have timely filed the objections.

[5] The court cannot ascertain when the petitioner placed this document in the hands of prison authorities for mailing to the clerk of court. On two occasions, the petitioner dates the document for "1-6-16." *See* Doc. No. 27 at ECF p. 6; Doc. No. 27-2 at ECF p. 11. Also, the envelope in which this submission arrived does not appear to have a dated postmark. *See* Doc. No. 27 at ECF p. 7.

## II. DISCUSSION

### A. Petitioner's Claims and Summary of the Report and Recommendation

As accurately described by Magistrate Judge Wells, the petitioner claims in the habeas petition that

> (1) he is actually innocent; (2) the PCRA court erred by denying him a hearing; (3) trial counsel was ineffective for unduly limiting his questioning of Commonwealth witnesses, for stipulating to crucial portions of the Commonwealth's case, and for stipulating to portions of the Commonwealth's case without obtaining Petitioner's knowledge and consent; (4) trial counsel was ineffective for failing to colloquy Petitioner to assure that his waiver of the right to testify was knowing and voluntary; and (5) PCRA counsel was ineffective.

Report and Recommendation at 3, Doc. No. 23. With respect to this fifth claim, the petitioner argues that PCRA counsel was ineffective for asserting in his legal submissions that, if the petitioner had testified at trial, he would have testified in accordance with the statement that he gave to police. *See* Petition for Relief from a Conviction of Sentence by a Person in State Custody, Under 28 U.S.C. for a Writ of Habeas Corpus Under a Stay at 2-3, Doc. No. 1-1.[6] The petitioner asserts that PCRA counsel was ineffective because the petitioner had not told PCRA counsel what he would have said if he had testified at trial. *Id.* at 3.

After reviewing the record and the parties' submissions, Magistrate Judge Wells concluded that the petitioner's first two claims were not cognizable. *Id.* at 4. Magistrate Judge Wells then concluded that the petitioner's fifth claim, PCRA counsel's ineffectiveness, was also not cognizable because section 2254(i) specifically bars such a claim. *Id.*

Regarding the petitioner's third and fourth claims in which he asserts ineffective assistance of his trial counsel, Magistrate Judge Wells agreed with the state courts and rejected these claims as well. *Id.* at 5-11. Concerning the third claim, Magistrate Judge Wells

---

[6] This document was attached to the petitioner's habeas petition and is more in line with a memorandum than a petition. *See* Doc. No. 1-1.

determined that the deferential standard under the Antiterrorism and Effective Death Penalty Act of 1996 warranted affirming the state courts' conclusion that the petitioner was not entitled to relief. *Id.* at 9. As for the fourth claim, Magistrate Judge Wells concluded that the state courts reasonably resolved this claim. *Id.* at 10. Magistrate Judge Wells also pointed out that even though the petitioner disputes that he told PCRA counsel what he would have testified to if called at trial, the petitioner could not show prejudice by his omitted testimony because he did not set forth any potentially exculpatory testimony. *Id.*

In his objections to the report and recommendation, the petitioner appears to object to Magistrate Judge Wells' conclusions that he is not entitled to relief on his fourth claim. Report of the Objection of the Recommendation of the Magistrate Judge December 22, 2015 ("Pet.'s Obj.") at 2. He states that he has now identified to the court what his trial testimony would have been on pages 3 and 4 of his opposition submission sent to the court on "2/3/16." *Id.* The petitioner also appears to object to Magistrate Judge Wells' conclusion that he was not entitled to relief on his third claim, at least insofar as he argued that trial counsel was ineffective for stipulating (without his knowing and voluntary consent) to the testimony of Anthony Deshields. *Id.* at 2-4. Finally, the petitioner appears to object to Magistrate Judge Wells' conclusion that he could not obtain relief for the alleged ineffective assistance of his PCRA counsel. *Id.* at 4-6.

### B.   Analysis of the Objections to the Report and Recommendation

With regard to this court's review of the report and recommendation, the court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b)

(providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). Generally, if a report and recommendation is unaccompanied by objections, the district court "need only review the record for plain error or manifest injustice." *Pereira v. Wingard*, No. 5:14-cv-6582, 2015 WL 4404920, at *1 (E.D. Pa. July 15, 2015) (internal quotation marks and citations omitted). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As indicated above, the petitioner has not objected to Magistrate Judge Wells' recommendations as to the first, second, and third claim (insofar as the petitioner asserted that his trial counsel was ineffective for limiting his questioning of Commonwealth witnesses and stipulating to portions of the Commonwealth's case that did not involve the testimony of Anthony DeShields). Even though the petitioner has not objected to these conclusions, the court has reviewed the report and recommendation for plain error or manifest injustice and has found no plain error or manifest injustice with respect to these claims.

The court has also conducted a *de novo* review of the remaining portions of the report to which the petitioner objected. With regard to the petitioner's third claim that trial counsel was ineffective for stipulating to the testimony of Anthony DeShields, Magistrate Judge Wells appropriately resolved this claim and the court adopts her analysis of this issue. As for the fifth claim, Magistrate Judge Wells correctly determined that the petitioner cannot raise a claim of PCRA counsel's ineffectiveness in a section 2254 habeas petition. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Additionally, the court notes that in his belated opposition submission the petitioner has, *for the first time*, identified what his alleged trial testimony would have been if his trial counsel had appropriately discussed his right to testify with him and if he had testified at his trial.[7] *See* Opposition Pet. at 3, Doc. No. 24.[8] He incorporates this statement into his objections to the report and recommendation. *See* Objections at 2, Doc. No. 26. Unfortunately for the petitioner, this court will not consider this new information.

In the first instance, the petitioner's opposition to the respondents' response was untimely. Pursuant to Rule 9.4(7) of the Local Rules of Civil Procedure, "[a]ny reply to the response must be filed within twenty-one (21) days of the filing of the response[.]" E.D. Pa. Loc. Civ. R. 9.4(7). The Local Civil Rules also provide that "[u]pon motion and for good cause shown, the judge may extend the time for filing any document." E.D. Pa. Loc. Civ. R. 9.4(9).

Here, the respondents filed their response to the habeas petition on November 10, 2015. Conceivably, the petitioner had, at most, until Friday, December 4, 2015, to file a reply to the response.[9] The petitioner could also have sought an extension of time to file a reply, but he did

---

[7] The petitioner states that he would have testified as follows:

> In early December of 2006, [I] became interested in joining a neighborhood gang, the leader of the gang instructed that part of my initiation [I] had to step up to the plate and take an attempt [sic] robbery case for a **"RANKING"** gang member because he believed the cops were looking for him and he had a criminal past and [I] was the youngest of the group, with no adult criminal record. I would get a slap on the risk [sic] for the attempt [sic] robbery that took place on the night of [D]ecember 12, 2006 on 27th and [S]edgley [S]treet in [P]hiladelphia. I was briefed on the details of events and the part my new gang needed me to play, to get the heat off our, at the time ranking gang member. I later included myself into this version of the details of events when [I] spoke to the Detective, and signed a statement of the forgoing [sic]. The gang never told me that [I] could be charged for the murder. I thought [I] was taking an attempt [sic] robbery case. I am devastated and innocent of the said crimes. My mistake was trying to fit in with guys in my neighborhood, wanting to be accepted.

Opposition Pet. at 3, Doc. No. 24.
[8] *See also* Doc. No. 27 at ECF p. 3.
[9] The 21st day technically fell on Tuesday, December 1, 2015. Based on the respondents' certificate of service, it appears that they sent the response to the petitioner via first-class mail. Because of this method of service, the petitioner had an additional three days to file a reply. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added

not choose to do so.  Instead, he filed a purported opposition submission at least eight days (if he provided the opposition to prison officials at the time he signed it) after Magistrate Judge Wells had already issued her report and recommendation.[10]  Therefore, the petitioner's reply is patently untimely.

Additionally, the petitioner's attempt to incorporate the opposition submission, in particular, the testimony that he would have provided if called to testify at trial, into his objections also does not provide him with an avenue for relief.  When the court referred this case to Magistrate Judge Wells for a report and recommendation, the court informed the parties that "all issues and evidence shall be presented to the United States Magistrate Judge, and new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge."  Order, Doc. No. 4.  This language is based upon Local Civil Rule 72.1IV(c), which provides as follows:  "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice require it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."  E.D. Pa. Loc. R. Civ. P. 72.1IV(c).  Thus, the petitioner was on notice that he had to provide any evidence or issues to Magistrate Judge Wells for consideration in the first instance.

At no time prior to filing the belated opposition submission did the petitioner provide any indication of what he would have testified to if called at trial.[11]  He did not include any reference to his purported testimony even though he was aware of the need for this testimony as early as

---

after the period would otherwise expire under Rule 6(a)."; Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by: . . . **(C)** mailing it to the person's last known address--in which event service is complete upon mailing[.]").

[10] The docket entry for the report and recommendation indicates that the clerk of court sent a copy of the report and recommendation to the petitioner by mail on December 23, 2015.  Doc. No. 23.

[11] In addition, although presented with these documents for the first time in his opposition petition (and his objections to the report and recommendation) he never included this information in his second PCRA petition that he stated he filed with the state court.  *See* Pet.'s Obj. at Ex. A.

his PCRA proceeding. Instead, his only argument prior to filing his objections and the belated opposition submission was that he never told his PCRA counsel what he would have said if called at trial.[12] *See* Petition for Relief from a Conviction of Sentence by a Person in State Custody, Under 28 U.S.C. for a Writ of Habeas Corpus Under a Stay at 2-4, Doc. No. 1-1. Therefore, at no time did the petitioner present information about what he would have testified to at trial to Magistrate Judge Wells for her consideration prior to the issuance of the report and recommendation.

Although the court applies *de novo* review to those portions of the report and recommendation to which the petitioner has filed objections, the petitioner does not receive a blank slate to bring new claims when he had the opportunity to present them to the Magistrate Judge. As the United States Court of Appeals for the First Circuit has explained:

> Appellant tells us that Rule 72(b)'s requirement of a "de novo determination" by the district judge means that an entirely new hand is dealt when objection is lodged to a recommendation. That is not so. At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate. *Accord Borden v. Secretary of HHS,* 836 F.2d 4, 6 (1st Cir. 1987).
>
> The role played by magistrates within the federal judicial framework is an important one. They exist "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." *Chamblee v. Schweiker,* 518 F.Supp. 519, 520 (N.D. Ga. 1981). The system is premised on the notion that magistrates will "relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir. 1980). Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge. *Cf. James v. Watt,* 716 F.2d 71, 78 (1st Cir. 1983), *cert. denied,* 467 U.S. 1209, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984) (allowing

---

[12] As stated by the government, the petitioner was essentially arguing that his PCRA counsel violated her ethical duty of candor toward the tribunal. Response to Pet. for Writ of Habeas Corpus at 17 n.2, Doc. No. 22.

amendment asserting new theory after district court dismissal "would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case ... to take account of the court's decision ... a practice [which] ... should not be sanctioned in the absence of compelling circumstances"). Such a fast shuffling of the orderly processes of federal litigation should not be encouraged.

In a nutshell, the argument upon which [Appellant] belatedly places such stock could have been, but inexplicably was not, presented to the magistrate in the first instance. The appellant is not entitled to yet another nibble at this particular apple.

*Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Here, the petitioner did not include any reference to his proposed testimony in his original petition (or the supporting memorandum) and did not raise it until after Magistrate Judge Wells issued her report and recommendation.  The court does not find that the interests of justice warrants consideration of this belatedly-raised evidence and issue when the petitioner had more-than ample time to raise it before Magistrate Judge Wells.[13]  Magistrate Judge Wells appropriately addressed the issues regarding PCRA counsel's alleged ineffectiveness and any assertion by the petitioner that his trial counsel was ineffective for allegedly failing to colloquy him on his right to testify.  *See* Report and Recommendation at 4, 10-11.  Accordingly, the court will also adopt this portion of the report and recommendation because it appropriately addresses and resolves the petitioner's claims on these issues.[14]

---

[13] At the conclusion of his objections, that petitioner states as follows:

> Going forward petitioner will be filing a motion pursuant to Federal [R]ules of [C]ivil [P]rocedure 60([b])(6) based on *Martinez v. Ryan*[] and the [*Cox*] case in the Federal rule and petitioner will argue[] that it was only due to PCRA counsel's and trial counsel's ineffective[] assistance that [s]abotage[d] [the] trial and PCRA best interest.

Pet.'s Obj. at 6. Even as to this claim, the petitioner acknowledges that he did not previously raise any arguments under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) or (presumably) *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). Therefore, the court will also not consider these arguments because they were not presented by the petitioner to Magistrate Judge Wells and the interests of justice do not require their consideration now.

[14] A defendant has a constitutional right to testify on his or her own behalf at trial. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987). "The right is personal and can be waived only by the defendant, not defense counsel. . . . If a

C.       **Certificate of Appealability**

The court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

III.      **CONCLUSION**

The petitioner submitted objections to Magistrate Judge Wells' resolution of a portion of his third claim and the entirety of his fourth claim in support of section 2254 habeas corpus relief. As explained above, Magistrate Judge Wells appropriately addressed each of these claims and the court adopts her reasoning in resolving those claims. In addition, the court does not find

---

defendant does waive this right, the waiver must be knowing, voluntary and intelligent." *United States v. Leggett*, 162 F.3d 237, 245-46 (3d Cir. 1998) (citations omitted). A trial court has no duty to "inquire whether [a defendant] knowingly, voluntarily and intelligently waived [the] right to testify." *Id.* at 246. In fact, "as a general rule, [the trial court] *should not* inquire as to the defendant's waiver of the right to testify." *Id.* (emphasis in original).

The petitioner's claim that his trial counsel was ineffective for "denying him his constitutional right to testify" is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Palmer v. Hendricks*, 592 F.3d 386, 394 (3d Cir. 2010). Under *Strickland*, a petitioner seeking to establish ineffective assistance of counsel must first demonstrate that "'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015) (quoting *Strickland*, 466 U.S. at 687). The petitioner must also establish that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

Here, the state court applied the three-prong test for analyzing ineffective assistance of counsel claims required by the Supreme Court of Pennsylvania, which the Third Circuit has determined does not contradict *Strickland*. *See Werts v. Vaughn*, 228 F.3d 178 (3d Cir. 2000) (concluding that by applying the Supreme Court of Pennsylvania's enunciated standard for evaluating ineffective assistance of counsel claims, the "state appellate courts did not apply a rule of law that contradicts the Supreme Court's holding in *Strickland*"). The state courts determined that the petitioner was not entitled to relief on his claim that his trial counsel was ineffective for discussing with him his right to testify, the consequences if he failed to testify, and assuring that the petitioner knowingly, intelligently, and voluntarily waived his right to testify. *See Commonwealth v. Breeden*, No. CP-51-CR-9137-2007 at 10-11 (C.P. Philadelphia July 17, 2013) (included in the state court record and attached to the respondents' response as Ex. B); *Commonwealth v. Breeden*, No. 694 EDA 2013 at 12-15 (Pa. Super. Jan. 23, 2014) (included in the state court record and attached to the respondents' response as Ex. C).

The state courts' decisions on the merits "will not be overturned on factual grounds, unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003) (interpreting 28 U.S.C. § 2254(d)(2)). As Magistrate Judge Wells found, the state courts' conclusion that the petitioner could not demonstrate prejudice insofar as his proposed testimony would have been similar to that of his confession to the police was reasonable. Report and Recommendation at 10-11. In addition, even though the petitioner claimed that his PCRA counsel was ineffective for stating that he would have testified in accordance with his confession to police, he had not proposed any exculpatory testimony and, therefore, could not demonstrate prejudice. *Id.* Therefore, his ineffective assistance of counsel claim lacked merit.

11

that the interests of justice warrant consideration of the petitioner's belated claims and evidence, particularly, the petitioner's proposed testimony about what he would have testified to if his trial counsel had properly discussed with him his right to testify and if he had chosen to testify at trial. The petitioner had ample opportunity to assert this proposed testimony prior to the issuance of the report and recommendation and he only raised it after Magistrate Judge Wells explained that he could not demonstrate prejudice with respect to his ineffective assistance of counsel claim because he never indicated what his proposed trial testimony would have been. Accordingly, the court will overrule the petitioner's objections, adopt the report and recommendation by Magistrate Judge Wells, and deny a certificate of appealability in this case.

    A separate order follows.

                                      BY THE COURT:

                                      /s/ *Edward G. Smith*
                                      EDWARD G. SMITH, J.